## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2021-0005 |
| ) | |
| YVETTE SIMEINA. ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
    *For the United States*

**Gabriel J. Villegas, Esq.**
**Lisa L. Brown Williams, Esq.**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Defendant Yvette Simeina's ("Defendant") "Unopposed Motion to Remit Fine" ("Motion") (Dkt. No. 71). Defendant requests that the Court remit, under 18 U.S.C. § 3572(d)(3) and 18 U.S.C. § 3573, the unpaid portion of the $1,000.00 fine imposed on her on March 23, 2022. (Dkt. No. 71 at 2-4). Defendant represents that her Motion is unopposed by the United States Attorney's Office and the United States Probation and Pretrial Services. *Id.* at 4.

Defendant notes that she was sentenced to "two (2) years probation, a $1000.00 fine, and a special assessment of $100.00," on March 23, 2022 following her plea of guilty to a charge of possession with intent to distribute marijuana under 21 U.S.C. § 841(a)(1). (Dkt. No. 71 at 1-2). She notes that "[t]he Judgment ordered Ms. Simeina to pay the fine 'immediately, with all payments to be completed no later than at the conclusion of the defendant's period of probation."

*Id.*  Defendant's term of probation concluded on March 22, 2024.  *Id.* at 4.  As of the filing of this Motion on March 6, 2024, Defendant had paid a total of $75.00 towards her fine, leaving an unpaid remainder of $925.00.  *Id.*  Defendant details several changes in her economic circumstances since her sentencing which she argues weigh in favor of remitting the unpaid portion of the fine: (1) her employer cut her working hours after her sentencing and she was subsequently terminated; (2) she became unemployed; (3) she was unable to afford rent, was evicted, and owed her landlord money, all of which required her to reside with her ex-boyfriend; (4) she was disqualified under Florida state law from pursuing a job as a health care provider due to her conviction; (5) she has been unsuccessful in securing employment due to her drug conviction; and (6) her car is inoperable and she cannot afford repairs or the cost of public transportation, which adds to her economic difficulties and impairs her ability to secure employment.  *Id.* at 2-3.

      Section 3572(d)(3) of Title 18 of the United States Code provides that "[a] judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine."  The Court may, upon receipt of such notice, "on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."  18 U.S.C. § 3572(d)(3).  The Third Circuit has noted that "Section 3572(d)(3) by its plain language does not apply where the fine is due immediately."  *United States v. Savage*, 954 F.3d 610, 613 (3d Cir. 2020).  Where a sentencing court "never permitted payment in installments," a defendant "cannot move for a modification of payment under § 3572(d)(3)."  *Id.*  When a court requires a defendant "to pay [their] monetary penalties in a lump sum immediately or, failing that, during [their] term of imprisonment," this does not qualify as permitting payment in installments because "there is no Court-ordered payment schedule for

2

[the Court] to adjust." *United States v. Richards*, 2024 WL 3293351 at *1 (D. Me. July 3, 2024); *see also Savage*, 954 at 613 ("The sentencing court stated that 'the fine is due immediately,' and thus never 'provided for payment . . . in installments.'" (citation modified)).

Here, the Court ordered that "[t]he $1000.00 fine is due immediately, with all payments to be completed no later than at the conclusion of the defendant's period of probation." (Dkt. No. 71-2 at 6). Accordingly, the Court did not issue a payment schedule. Thus, because the Court did not permit payment for the fine imposed to occur "in installments," the Court lacks the statutory authority under Section 3572(d) to modify Defendant's fine.[1]

Section 3573(a) of Title 18 of the United States Code states that "[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties." The Third Circuit observed that this right to petition is expressly reserved to the Government, not a defendant:

> We note that careful, deliberate analysis on the district court's part—concerning both its determination of a future, hypothetical ability to pay a fine and the precise amount of the fine imposed—is crucial today, since the amendment of 18 U.S.C. § 3573 in 1987. Previously, section 3573 permitted a defendant to petition the court to remit or modify a fine upon demonstrating that he or she had made a good faith effort to comply and that changed circumstances had rendered the fine unwarranted. . . . Under the present statutory scheme, this right no longer exists. Rather, current section 3573 permits only the government to petition for modification or remission of a fine, and only upon the basis of administrative efficacy.

---

[1] The Court notes that authority under Section 3572(d) to modify a fine "extends only to adjusting the payment schedule." *Richards*, 2024 WL 3293351 at *1.

3

*United States v. Seale*, 20 F.3d 1279, n.8 (3d Cir. 1994).  Thus, the Court lacks the statutory authority under Section 3573 to modify Defendant's fine given that the instant Motion was filed *by Defendant* and not the Government.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Yvette Simeina's "Unopposed Motion to Remit Fine" (Dkt. No. 71) is **DENIED**.

**SO ORDERED.**

Date:   August 8, 2025                                                 _____/s/_____
                                                                                                WILMA A. LEWIS
                                                                                                Senior District Judge